1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BRYAN DAVIS, SR.,

11              Plaintiff,                    No. CIV S-07-1530 FCD EFB P

12         vs.

13    T. FELKER, et al.,

14              Defendants.            ORDER

15    _____/

16        Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See*

17    42 U.S.C. § 1983. On February 11, 2008, the court found that plaintiff's initial complaint

18    violated Rule 8 of the Federal Rules of Civil Procedure and dismissed the complaint with leave

19    to amend. On February 28, 2008, plaintiff filed a first amended complaint. The court has

20    reviewed the first amended complaint pursuant to 28 U.S.C. § 1915A and, for the reasons

21    explained below, finds it does not state a cognizable claim against any defendant.

22        The February 28, 2008, first amended complaint consists of one single-spaced paragraph

23    spanning four pages. In this narrative, plaintiff alleges a plethora of difficulties, including

24    problems with a cellmate, which apparently did not result in violence, a threat to transfer

25    plaintiff to Corcoran State Prison, a one-time refusal to provide him with clean sheets, a one-

26    time refusal to do his laundry, interference with his attempts to submit administrative appeals,

1

1   unfounded disciplinary reports and unfair disciplinary proceedings.  Finally, plaintiff alleges that

2   two other prisoners attacked him.

3          Section 1983 of Title 42 of the United States Code creates a cause of action against

4   persons who deprive any individual of a right secured to him by the Constitution or laws of the

5   United States while acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

6   Thus, to state a claim that the conditions of  imprisonment violate the Eighth Amendment

7   prohibition on cruel and unusual punishment, plaintiff must allege a specific individual was

8   deliberately indifferent to some basic human need such as food, clothing, shelter, medical care or

9   safety.  *See  Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991);  *Rhodes v. Chapman*, 452 U.S. 337,

10  347 (1981).  A prison official is deliberately indifferent when he knows of and disregards a risk

11  of injury or harm that "is not one that today's society chooses to tolerate."  *See Helling v.*

12  *McKinney*, 509 U.S. 25, 35 (1993); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  If plaintiff

13  intends to sue for retaliation, plaintiff must allege that on a specified date an individual state

14  actor took adverse action against him for his engagement in a constitutionally protected activity

15  and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a

16  legitimate penological goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005);  *Rizzo v.*

17  *Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985).  In order to pursue a claim that he was deprived

18  of procedural due process, plaintiff must allege that a defendant deprived him of a liberty

19  interest, which may arise independently under the due process clause or as freedom from state

20  deprivation or restraint imposing "atypical and significant hardship on the inmate in relation to

21  the ordinary incidents of prison life."  *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995).

22         The allegations in the February 28, 2008, first amended complaint do not allege facts

23  sufficient to state a claim under any of the above theories.  Thus, to proceed with this action

24  plaintiff must file an amended complaint.

25         Any amended complaint must show that the federal court has jurisdiction and that

26  plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

1  allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a

2  defendant only persons who personally participated in a substantial way in depriving plaintiff of

3  a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

4  subjects another to the deprivation of a constitutional right if he does an act, participates in

5  another's act or omits to perform an act he is legally required to do that causes the alleged

6  deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the

7  participants and allege their agreement to deprive him of a specific federal constitutional right.

8      In an amended complaint, *the allegations must be set forth in numbered paragraphs*.

9  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single

10  defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

11  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

12  10(b).

13      The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

14  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

15  heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P.

16  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

17  set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema*

18  *N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

19  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

20  must not include preambles, introductions, argument, speeches, explanations, stories, griping,

21  vouching, evidence, attempts to negate possible defenses, summaries, and the like.  *McHenry v.*

22  *Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation

23  of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that

24  "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

25      The court (and defendant) should be able to read and understand plaintiff's pleading

26  within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

3

1   defendants with unexplained, tenuous or implausible connection to the alleged constitutional

2   injury or joining a series of unrelated claims against many defendants very likely will result in

3   delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action

4   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

5          A district court must construe pro se pleading "liberally" to determine if it states a claim

6   and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

7   opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

8   the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

9   the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell*

10  *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

11         An amended complaint must be complete in itself without reference to any prior

12  pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

13  files an amended complaint, the original pleading is superseded.

14         By signing an amended complaint he certifies he has made reasonable inquiry and has

15  evidentiary support for his allegations and that for violation of this rule the court may impose

16  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.  Prison rules

17  require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison

18  authorities for violation of the court's rules and orders.  *See* Cal. Code Regs. tit. 15, § 3005.

19         A prisoner may bring no § 1983 action until he has exhausted such administrative

20  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

21  *v. Churner*, 532 U.S. 731, 741 (2001).  By signing an amended complaint he certifies his claims

22  are warranted by existing law, including the law that he exhaust administrative remedies, and

23  that for violation of this rule plaintiff risks dismissal of his action.

24         Accordingly, the court hereby orders that the February 28, 2008, first amended complaint

25  is dismissed with leave to amend within 30 days.  Plaintiff shall file an original and one copy of

26  the second amended complaint, which must bear the docket number assigned to this case and be

1  titled "Second Amended Complaint."  Failure to file an amended complaint will result in a

2  recommendation this action be dismissed for failure to state a claim.  If plaintiff files an amended

3  complaint stating a cognizable claim the court will proceed with service of process by the United

4  States Marshal.

5  Dated:  April 9, 2008.

6  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE